NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENITO CASTELLANOS GARCIA; ZENAIDA FENTANES MUNOZ, <br><br>          Petitioners, <br><br>    v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br>          Respondent. | No. 22-1949 <br><br> Agency Nos. <br> A213-062-556 <br> A213-062-557 <br><br> MEMORANDUM[*] |
| BENITO CASTELLANOS GARCIA; ZENAIDA FENTANES MUNOZ, <br><br>          Petitioners, <br><br>    v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br>          Respondent. | No. 24-4687 <br><br> Agency Nos. <br> A213-062-556 <br> A213-062-557 |

On Petition for Review of an Order of the
Board of Immigration Appeals

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 31, 2026[]

Before: GOULD, BENNETT, and BADE, Circuit Judges.

Petitioners Benito Castellanos Garcia and Zenaida Fentanes Munoz, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an Immigration Judge's ("IJ") denial of their claims for asylum and withholding of removal.[1]  They also petition for review of the denial of their application for cancellation of removal, and from the denial of their motion to reopen proceedings.  "Because the BIA affirmed on the basis of *Matter of Burbano*, we review the IJ's decision as if it were the BIA's decision."  *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).[2]

1. An application for asylum must be filed within one year of an alien's entry into the United States unless "the alien demonstrates to the satisfaction of the

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Petitioners' pro se Opening Brief also mentions protection under the Convention Against Torture ("CAT") together with asylum and withholding of removal.  But the Opening Brief does not advance any argument that the agency erred in finding Petitioners ineligible for protection under CAT.  Petitioners therefore forfeited any argument on this issue.  *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021).

[2] The BIA noted that it did not adopt the IJ's reliance on *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019), and so we do not review the IJ's analysis on that point.

Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). Before the IJ, Petitioners "concede[d] that they are not eligible for asylum, as they did not file their asylum application within one year of their arrival in the United States." Still, the IJ "[i]ndependently[] consider[ed] the testimony" regarding changed or extraordinary circumstances, namely, that Petitioner Castellanos Garcia "had a fear of returning to Mexico once his children were born." The IJ concluded that Petitioners had not established "any material change in circumstance or extraordinary circumstances."

Ordinarily, the BIA's citation of *Burbano* would require us to consider the IJ's merits analysis as the BIA's. *See Alam*, 11 F.4th at 1135. Then, because "we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency," the asylum claim would be properly before us. *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). Here, however, it is not clear if the citation of *Burbano* puts the merits of the asylum claim before us because the BIA specifically noted that "the respondents concede that they are not eligible for asylum" without addressing the merits. *See Guevara-Serrano v. Bondi*, 164 F.4th 1133, 1134–36 (9th Cir. 2026) (focusing review on the argument that the BIA discussed, despite citation of *Burbano*, when BIA "point[ed] only to"

certain aspects of IJ's decision and "made no mention of" other argument). But we need not decide whether the issue is exhausted because we conclude that the BIA correctly found the issue waived and that substantial evidence supports the IJ's conclusion. *See Ruiz v. Bondi*, 163 F.4th 586, 599 (9th Cir. 2025) (holding that denials of a changed or extraordinary circumstance exception to the one-year bar are reviewed for substantial evidence). Petitioners' youngest child was born, at the latest, in 2001, and Petitioners applied for asylum in 2017. The proffered rationale for the delay cannot support an interval of this magnitude.

2. Substantial evidence supports the agency's denial of withholding of removal. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (holding that denials of withholding of removal are reviewed for substantial evidence). When an applicant seeks withholding of removal based on membership in a "particular social group," the applicant must demonstrate "the existence of a cognizable particular social group," "his membership in that particular social group," and "a risk of persecution on account of his membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (B.I.A. 2014)).

Petitioners proposed as their particular social groups "returning Mexicans who have lived in the United States," either "for an extended period of time" or "with strong communal ties in the United States." The agency found that these

proposed groups are not legally cognizable. Substantial evidence supports this finding. We have held that "'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010). Petitioner's additional qualifiers do not meaningfully address this overbreadth.

3. "The Attorney General may cancel removal of . . . an alien who . . . has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application" if the alien "has been a person of good moral character during such period[,]" "has not been convicted of [certain offenses,]" and "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). We review "for substantial evidence" the agency's determination of these "step-one statutory eligibility requirements" for cancellation of removal. *Lemus-Escobar v. Bondi*, 158 F.4th 944, 953–54 (9th Cir. 2025).

Petitioners' children are all above the age of majority. The record indicates they are healthy and academically successful and have extended family in the United States. Substantial evidence supports the agency's finding that Petitioners are ineligible for cancellation of removal because "there is not sufficient evidence in the record to establish that, upon their removal, the hardship to their United

5                                          24-4687

States citizen children, ages 18 and 20, at the time of the hearing, would rise to the level of exceptional and extremely unusual."

4. Ordinarily, a motion to reopen must be filed within ninety days after the filing of a final administrative decision "in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). This time limit does not apply if the motion is "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* § 1003.2(c)(3)(ii). "[T]he BIA may deny a motion to reopen" if "the motion does not establish a prima facie case for the underlying relief sought." *Lemus-Escobar*, 158 F.4th at 962. A prima facie case requires a "reasonable likelihood that the statutory requirements for relief have been satisfied." *Id.* at 963 (quoting *Salim v. Lynch*, 831 F.3d 1133, 1139 (9th Cir. 2016)). "We review for abuse of discretion the BIA's denial of reopening." *Id.* at 952.

As discussed above, Petitioners have failed to establish a cognizable particular social group to support their claim for withholding of removal or asylum. The BIA therefore did not abuse its discretion in concluding that Petitioners had not "establish[ed] their eligibility for asylum or withholding of removal" and that their motion thus does not "fall[] within an exception to the time limitation."

The temporary stay of removal shall remain in place until the mandate issues.  The motion for a stay of removal (No. 22-1949, Dkt. No. 2; No. 24-4687, Dkt. No. 2) is otherwise denied.  The motion to proceed in forma pauperis (No. 22-1949, Dkt. No. 28; No. 24-4687, Dkt. No. 9) is granted.

**PETITION DENIED.**